## GREIG *vs.* MUGGAH ET AL.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT FOR THE PARISH OF LAFAYETTE, THE JUDGE OF THE SIXTH PRESIDING.

Where an action was pending in the District Court for a different parish from that in which the defendant resided, and he died : *Held*, that the suit should be sent to the Court of Probates, for the parish where the deceased had his domicil, and there prosecuted against his succession.

Where a succession is in the care of an administrator, and who is tutor of the minor heirs, he is not allowed to accept it absolutely, and can only be sued, or stand in judgment in the Probate Court.

This is an action to recover the sum of four hundred and eighty-nine dollars and thirty-one cents, the balance of an account annexed as due by the succession of John Muggah, deceased.

The plaintiff alleges, that the deceased was indebted to him for a draft on the state treasurer, and for sundry clerk and magistrate's fees ; and that his estate is further indebted to him for commissions and clerks' hire, in settling and administering its affairs, making in all the sum he claims. He further shows, that James Muggah, for himself, and as curator of Edward Muggah, an absent brother, has accepted the succession of their deceased brother simply and absolutely, and are liable for all the debts thereof.

The defendant denied the correctness of the account sued on; required strict proof of every item, and the rejection of such as were not so proved. He pleaded payments to a large amount exceeding any aggregate sum due, and for such excess claimed judgment in re-convention. Prescription was also opposed to the fee-bill items.

When the cause was thus at issue, referees were appointed, who reported a considerable balance in favor of the plaintiff. In this stage of the cause, James Muggah died; his legal representatives and heirs were made parties and cited in. No curator or other representative was appointed for Edward Muggah, who resided in England.

The heirs and legal representatives of James Muggah, denied the jurisdiction of the District Court. They averred, that the Court of Probates for the parish of St. Mary alone, had jurisdiction in the case, being the place of their ancestor's domicil, where his succession was opened, and where they resided. They further objected to the report of the referees.

Upon these pleadings and issues, the case was tried before the court.

Without noticing the plea to the jurisdiction, or any other matter in the pleadings, the district judge went on to state an account between the parties upon the evidence produced, and rendered judgment in favor of the plaintiff, for three hundred and twenty-five dollars and fifty-nine cents; from which the defendants appealed.

*Lewis*, for the plaintiff, contended against the plea to the jurisdiction; and urged, that this court clearly had jurisdiction as to James Muggah, personally, so soon as he had pleaded to the merits; his subsequent death could not oust that jurisdiction when it once attached. *Code of Practice, article* 21, 120, 361.

2. Each heir of a succession who has accepted the same, purely and simply, is bound for his *virile* portion of each debt of the succession so accepted. *See Mudd* vs. *Stelle's Heirs.*

*Louisiana Code*, 1214–15, *and* 1370, 1372, 1376. *Code of Practice*, 40.

3. It is admitted, that so far as Edward Muggah is concerned, no judgment could be rendered, but the plaintiff ought to be maintained in his judgment for the one half of his claim, as against James.

4. There is no law authorizing this cause to be transferred to the Court of Probates, in the parish of St. Mary, or from one court to another, except in one or two special cases that are not provided for in either of the codes, but by special statutes; that when a party has mistaken the court, before which his action ought to have been brought, the only thing the court can do is to dismiss it.

5. This court clearly had jurisdiction of one half of the claim as against Edward Muggah, whose only interest is in the parish of Lafayette, where the succession of John Muggah was opened, and where alone a curator to Edward, an absentee, could be legally appointed. *Court of Probates,* 50, 1105.

*Splane,* for defendants.

1. The heirs and legal representatives of James Muggah, could only be sued in the Court of Probates, for the Parish of St. Mary, where the succession was opened. The District Court has no jurisdiction whatever in suits against a succession. 1 *Louisiana Reports,* 526.

2. The Probate Court has exclusive jurisdiction of suits against the curator of an absentee. *Code of Practice,* 983.

3. In this case there was no curator when judgment was rendered, to represent E. Muggah. Curatorship is a personal trust and dies with the person appointed. *Louisiana Code,* 52–3.

*Martin, J.,* delivered the opinion of the court.

The plaintiff brought this action against James Muggah in his own right, and as curator of Edward Muggah, his brother, an absentee, and heirs of John Muggah, deceased, on a balance of account.

WESTERN DIST.

*Sept.* 1837.

GREIG

*vs.*

MUGGAH ET AL.

Where an action was pending in the District Court, for a different parish from that in which the defendant resided, and he died: *Held*, that the suit should be sent to the Court of Probates, for the parish where the deceased had his domicil, and there prosecuted against his succession.

Where a succession is in the care of an administrator, and who is tutor of the minor heirs, he is not allowed to accept it absolutely, and can only be sued or stand in judgment in the Probate Court.

The defendants pleaded payment, compensation, prescription, etc. Afterwards, the defendant, James Muggah, died, and his heirs and legal representatives, were made parties; but no step was taken in relation to the defendant, Edward Muggah, the curatorship of whom expired on the death of his brother James.

The new defendants added the general issue to the former pleas, and that the District Court of the parish of Lafayette, had no jurisdiction, but that the suit should have been brought in the Probate Court, for the parish of St. Mary, where their ancestor lived, and where they now reside.

There was judgment against the defendants, for the sum of three hundred and twenty-five dollars and fifty-nine cents, the whole amount ascertained to be due from the deceased, John Muggah, to the plaintiff. The defendants appealed.

It is clear that the plea to the jurisdiction of the District Court, should have been sustained; not because the deceased James Muggah, was a resident of another parish than that in which he was sued, for he had waived his right to be sued in his own parish, but because his succession was in the care of an administrator, who was also tutor to the heirs, and who could not accept the succession absolutely; such defendants are suable only in the Court of Probates.

The defendant, Edward Muggah, was out of court by the death of his curator, and no legal steps were taken for the appointment of another.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the case be transferred to the Court of Probates, for the parish of St. Mary; and that the plaintiff and appellee pay costs in both courts, reserving to him the right to claim before the Court of Probates, those incurred in the District Court.