ROGILLIO et al., Administrators *v.* SWIFT et al.

Where, before the reorganization of the judiciary under the constitution of 1845, a defendant

ROGILLIO
v.
SWIFT.

died pending an action in a District Court, the case was required to be sent to the Prob ate Court in which his succession was opened. A judgment subsequently rendered by the District Court, against the executor, who had become a party to the action, would be without effect, that court ceasing to have jurisdiction; and no action could be maintained against the heirs on a judgment so obtained.

APPEAL from the District Court of West Feliciana, *Lawson*, J.

*Muse*, *Merrick* and *Brewer*, for the plaintiffs, contended that, the executor had a right to make himself a party to the action in the District Court. He could even have acknowledged the debt. C. P. 120, 161. *Henry* v. *Key*, 12 La. 214. *Morgan* v. *Morgan*, 2 Wheaton, 290.

*Ratliff* and *Cowgill*, for the defendants, appellants. The District Court was without jurisdiction from the moment of *Swift's* death, his succession being administered by his executor in West Feliciana. See Code of Practice, arts. 606, 923, 983, 984, 986. C. C. art. 1105. *Succession of Ludewig*, 3 Rob. 92. *Picou* v. *Dussuau*, 4 Rob. 412. Acts of 1828, p. 156. *Fleming* v. *Hilligsberg*, 1 Rob. 77. *Succession of Jacobs*, 5 Rob. 270. *Kerr* v. *Kerr*, 14 La. 177. *McManus* v. *West*, 18 La. 41.

The executor could not, by appearing and answering in the District Court of East Baton Rouge, give that court jurisdiction, as he was acting under the authority of the court of Probates of West Feliciana. No consent of parties can give jurisdiction to a court that has no jurisdiction *ratione materiæ*. See cases cited above, 11 Rob. 77. C. P. 93, 933. 14 La. 177.

The judgment of the court (*King*, J. absent,) was pronounced by

EUSTIS, C. J. This appeal is taken by certain heirs of *John Swift*, deceased, who died in the parish of West Feliciana, where his succession was opened and administered by an executor.

The action is brought on a judgment rendered in 1839, in the District Court sitting in the parish of East Baton Rouge, to which the executor became a party defendant. Under the decisions of the late Supreme Court, we think the District Court was without jurisdiction. In addition to the cases cited by the counsel for the defendants, see *Smith* v. *Willson*, 2 La. 256. *Bullard* v. *Andrews*, 10 La. 219.

The suit in which the judgment was obtained had been instituted against *Swift* in his life time. The Supreme Court held in the case of *Greigh* v. *Muggah*, 11 La. 357, that where a party defendant died, pending a suit in a District Court, the suit should be sent to the court of Probates where the succession was opened.

Under those decisions the plaintiffs cannot maintain their action against the heirs on this judgment.

The judgment of the District Court is reversed, and judgment rendered against the plaintiffs as in case of non-suit, with costs in both courts.